UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHEDRICK D. GIVENS (#328052)

VERSUS                                          CIVIL ACTION

GOV. BOBBY JINDAL                               NUMBER 13-89-BAJ-SCR

### NOTICE

   Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
   In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

   ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

   Baton Rouge, Louisiana, March 21, 2013.

                                    _____
                                    STEPHEN C. RIEDLINGER
                                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHEDRICK D. GIVENS (#328052)

VERSUS                                                   CIVIL ACTION

GOV. BOBBY JINDAL                                        NUMBER 13-89-BAJ-SCR

### MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Governor Bobby Jindal. Plaintiff alleged that the defendant was deliberately indifferent to his right to counsel during state post-conviction proceedings in violation of his constitutional rights. Plaintiff sought injunctive relief.

For the reasons which follow, the plaintiff's complaint should be dismissed as frivolous.

### I. Background

Plaintiff was convicted in 1996 of one count second degree murder in the Twenty-fourth Judicial District Court for the Parish of Jefferson and was sentenced to life imprisonment at hard labor, without benefit of parole, probation or suspension of sentence. Plaintiff's conviction and sentence were affirmed on appeal. *State of Louisiana v. Shedrick Givens*, 97-17, 701 So.2d 1042 (La. App. 5th Cir. 10/15/1997). Petitioner sought supervisory review by the

Louisiana Supreme Court. The Louisiana Supreme Court denied review. *State of Louisiana v. Shedrick Givens*, 1997-2893 (La. 3/27/98), 716 So. 2d 884.

On September 13, 1999, the plaintiff filed an application for post-conviction relief ("PCRA") in the Twenty-fourth Judicial District Court for the Parish of Jefferson.[1] Plaintiff asserted the following grounds for relief: (1) the Bill of Indictment was defective; (2) he was denied effective assistance of trial counsel; (3) he was denied effective assistance of appellate counsel; and, (4) there were discriminatory practices in the selection of the grand jury foreman.[2]

On September 27, 1999, the trial court denied the PCRA.[3] The trial court held that because Givens failed to file a motion to quash before trial, grounds for relief one and four were waived

---

[1] *See Shedrick Givens v. Burl Cain*, CV 01-0523-A (E.D. La.), record document number 10, Memorandum Opinion and Order Denying Petitioner's § 2254 Application.
A court may take judicial notice of the record in prior related proceedings. *Missionary Baptist Foundation of America, Inc. v. Wilson*, 712 F.2d 206 (5th Cir. 1983). The court hereby takes judicial notice of the habeas corpus proceedings filed in CV 01-0523-A (E.D. La.).

[2] Plaintiff alleged that he filed his PCRA on September 30, 1999 while the Memorandum Opinion indicates it was filed on September 13, 1999. Because the state court apparently denied the PCRA on September 27, 1999, the September 13, 1999 filing date is more likely correct. In addition, there is a discrepancy regarding the issues raised in the PCRA. Neither discrepancy is material to the issues in this case.

[3] *Shedrick Givens v. Burl Cain*, CV 01-0523-A (E.D. La.), record document number 10, p. 6, n. 20.

pursuant to La.C.Cr.P. arts. 533, 535 and 521.[4]

Plaintiff sought review in the Louisiana Fifth Circuit Court of Appeal which denied review on November 18, 1999. *State of Louisiana ex rel. Shedrick Givens v. State of Louisiana*, 99-1244 (La. App. 5th Cir. 11/18/1999) (unpublished opinion). Plaintiff sought supervisory review by the Louisiana Supreme Court. The Louisiana Supreme Court denied review. *State of Louisiana ex rel. Shedrick Givens v. State of Louisiana*, 2000-1148 (La. 1/12/01), 780 So. 2d 1065.

On March 29, 2001, the plaintiff filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody in the United States District Court for the Eastern District of Louisiana. On July 11, 2001, judgment was entered dismissing Givens' application for a writ of habeas corpus with prejudice as untimely.[5]

Plaintiff apparently filed a second PCRA which was denied as untimely pursuant to La.C.Cr.P. art 930.8. *State ex rel. Shedrick Givens v. State of Louisiana*, 2005-0709 (La. 1/27/06), 922 So. 2d 532.

Plaintiff alleged that following the United States Supreme Court decision in *Martinez v. Ryan*, ___ U.S. ___, 132 S.Ct. 1309 (2012), Gov. Jindal failed to institute a policy which provides for

---

[4] *Id*. at 6.

[5] See CV 01-0523-A (E.D. La.), record document number 11.

the appointment of post-conviction counsel in violation of his Sixth Amendment rights.

## II. Applicable Law and Analysis

### A. Frivolous Standard

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for 28 U.S.C. § 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal § 1915(d) may be made at any time before or after service of process and before or after an answer is filed.

4

*Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

    **B. *Martinez v. Ryan***

When a state court decision to deny relief rests on a state law ground that is independent of the federal questions raised by the petitioner and is adequate to support the judgment, the federal courts lack jurisdiction to review the merits of the petitioner's federal claims.  *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 2553 (1991); *Moore v. Roberts*, 83 F.3d 699, *reh. denied*, 95 F.3d 56 (5th Cir. 1996).  The independent and adequate state ground doctrine "applies to bar federal habeas when a state court decline[s] to address a prisoner's federal claims because the prisoner ha[s] failed to meet a state procedural requirement." *Coleman*, at 729-730, 111 S.Ct. at 2554.

> In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court.  The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases.

*Id*., at 731-32, 111 S.Ct. at 2554-55 (quoting *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982)); *Moore*, at 703.

For the independent and adequate state ground doctrine to apply, the state courts adjudicating a habeas petitioner's claim must explicitly rely on a state procedural rule to dismiss the petitioner's claims.  *Moore*, at 702; *Sones v. Hargett*, 61 F.3d 410,

5

416 (5th Cir. 1995).  The procedural default doctrine presumes that the "state court's [express] reliance on a procedural bar functions as an independent and adequate ground in support of the judgment." *Id*.  Petitioner can rebut this presumption by establishing that the procedural rule is not "strictly or regularly followed."  *Id*.  Even if the state procedural rule is strictly and regularly followed, the petitioner can still prevail by demonstrating "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  *Coleman*, 501 U.S. at 750, 111 S.Ct. at 2565; *Moore*, at 702.

In *Martinez*, the Supreme Court held that deficient performance by a petitioner's state habeas corpus counsel may constitute cause under *Coleman v. Thompson, supra*.  The Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id*. at 1320.

Essentially, *Martinez* provides that where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas corpus court from hearing a substantial claim of ineffective assistance at trial.

6

First, there is no constitutional requirement that States provide an indigent prisoner counsel to pursue post-conviction remedies. *See Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990 (1987); *Bishop v. Epps*, 265 Fed.Appx. 285 (5th Cir. 2008).

Second, *Martinez* did not mandate that States which require ineffective assistance claims be brought first in habeas corpus proceedings must provide prisoners with post-conviction counsel.

Third, *Martinez* is inapplicable to Givens' federal habeas corpus application because it was denied as untimely pursuant to 28 U.S.C. § 2244(d), not because of a state procedural default.

**C. No Appellate Jurisdiction**

Insofar as the plaintiff sought to enjoin the effect of the state post-conviction relief judgment, this court is without jurisdiction.

It is beyond the power of the federal court to enjoin the effect of a state court judgment. *Eitel v. Holland*, 787 F.2d 995, 997 (5th Cir. 1986). Federal courts do "not have appellate jurisdiction to review, modify or nullify a final order of a state court," and a plaintiff may not seek to reverse a state court judgment by bringing a civil rights action. *Id*. (quoting *American Furniture Co. v. International Accommodations Supply*, 721 F.2d 478, 482 (5th Cir. 1981)). It is well-established that "[p]roceedings in state courts should normally be allowed to continue unimpaired

7

by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the United States Supreme] Court." *Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 287, 90 S.Ct. 1739, 1743 (1970); *see also, District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476, 482 & n. 16, 103 S.Ct. 1303, 1311, 1315 & n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416, 44 S.Ct. 149, 150 (1923).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and without leave to amend because there is no conceivable, non-frivolous federal claim he could assert consistent with the facts alleged in his complaint.

Baton Rouge, Louisiana, March 21, 2013.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE