UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHEDRICK D. GIVENS (#328052)                    CIVIL ACTION

VERSUS

GOV. BOBBY JINDAL                               NO.: 13-00089-BAJ-SCR

## RULING AND ORDER

On November 13, 2013, the United States Magistrate Judge issued a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), recommending that Plaintiff Shedrick Givens's action be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). (Doc. 4.)

The Magistrate Judge's Report and Recommendation specifically notified Plaintiff that, pursuant to 28 U.S.C. § 636(b)(1), he had fourteen (14) days from the date he received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (Doc. 4, at 1.) A review of the record indicates that Plaintiff filed a timely memorandum in opposition to the Magistrate Judge's Report and Recommendation on April 5, 2013. (Doc. 5.)

Having carefully considered the Magistrate Judge's Report, the record, and the applicable law, the Court concludes that the Magistrate Judge's Report is correct, and hereby adopts its findings of fact, conclusions of law, and recommendation.[1]

Accordingly,

**IT IS ORDERED** that the **Magistrate Judge's Report (Doc. 4)** is **ADOPTED** as the Court's opinion herein.

**IT IS FURTHER ORDERED** that the above captioned matter is **DISMISSED**, without leave to amend, because there is no conceivable, non-frivolous federal claim

---

[1] Plaintiff's objection primarily focuses on his challenge to "the practice in Louisiana where the State required plaintiff to raise an ineffective assistance of trial counsel claim without counsel upon an initial review collateral proceeding instead on direct appeal where trial counsel's errors are outside of the trial court record[.]" (Doc. 5, at 2.) Plaintiff asserts that he is guaranteed the right to counsel by the Sixth and Fourteenth Amendments of the Constitution and, because of the ruling in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), his right to counsel on direct appeal, guaranteed by the Constitution, attaches to his right to counsel at an initial review collateral proceeding. (Doc. 5, at 2.) Plaintiff also asserts that "whether his ineffective assistance of trial counsel claim was defaulted or untimely on his federal habeas corpus application or not is not the issue before the [C]ourt," and that the issue solely concerns Louisiana's failure to appoint counsel during the post-conviction appeals process. (*Id.* at 3.) As such, he avers that the Magistrate Judge incorrectly concluded that his complaint is frivolous, that this Court has subject matter jurisdiction, and that he has presented a cognizable claim under 42 U.S.C. § 1983.

The Court adopts the law cited in the Report and Recommendation. The Magistrate Judge is correct that "there is no constitutional requirement that States provide an indigent prisoner counsel to pursue post-conviction remedies." (Doc. 4, at 7, citing *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990 (1987); *Bishop v. Epps*, 265 Fed.Appx. 285 (5th Cir. 2008)). Further, the Magistrate Judge correctly stated that "*Martinez* did not mandate that States which require ineffective assistance of counsel claims be brought first in habeas corpus proceedings must provide prisoners with post-conviction counsel."(Doc. 4, at 7.) Plaintiff relies heavily on the law presented by the United States Supreme Court in *Martinez*; however, the situation presented there is not applicable to the circumstances presented here, and Plaintiff's interpretation of a definite mandate of post-conviction counsel by the Supreme Court, *under these circumstances*, is erroneous. Most importantly, the Magistrate Judge correctly determined that "*Martinez* is inapplicable to Givens' federal habeas corpus application because it was denied as untimely pursuant to 28 U.S.C. § 2244(d), not because of a state procedural default." *Martinez* established that "[a] federal court can hear [an] ineffective-assistance claim only if [plaintiff] can establish cause to excuse the procedural default and prejudice from a violation of federal law." *Martinez*, 132 S.Ct. at 1311. The dismissal of Plaintiff's habeas corpus application as untimely does not concern a procedural default within the meaning of the law here.

2

Plaintiff Shedrick Givens could assert consistent with the facts alleged in his complaint.

Baton Rouge, Louisiana, this \_\_7th\_\_ day of January, 2014.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

3